UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERMAN CARRILLO,<br><br>                    Plaintiff,<br>     v.<br><br>THE STANDARD FIRE INSURANCE COMPANY, doing business as TRAVELERS INSURANCE, a foreign corporation doing business in Washington,<br><br>                    Defendant. | CASE NO. 3:23-cv-05583-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on the Plaintiff's Motion to Remand Case to State Court. Dkt. 10. The Court has considered the pleadings filed regarding the motion and the remaining file.

On May 5, 2023, the Complaint in this insurance dispute case was filed in Clark County, Washington Superior Court. Dkt. 2 at 2. It alleges that the Defendant insurance company failed to properly pay the Plaintiff, its insured, Personal Injury Protection ("PIP") loss of income benefits after a car accident. *Id.* The Complaint maintains that the Defendant miscalculated

ORDER ON PLAINTIFF'S MOTION TO REMAND - 1

Plaintiff's "income loss benefits by $9,201.40" and refused to correct its error. *Id.* at 5. The Plaintiff asserts claims for breach of contract, breach of the common law duty to act in good faith, violations of Washington's Insurance Fair Conduct Act, RCW 48.30, *et. seq.* ("IFCA"), and violations of Washington's Consumer Protection Act, RCW 19.86, *et. seq,* ("CPA"). *Id.* The Plaintiff sought damages, attorneys' fees and costs. *Id.*

The Complaint was served on the Washington State Insurance Commissioner on May 22, 2023. *Id.* Counsel for Defendant appeared in state court on June 1, 2023. Dkt. 2-4 at 2. On June 29, 2023, the Defendant removed the case to this Court. Dkt. 1. Asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332, the Notice of Removal maintains that the parties are citizens of different states and that the amount in controversy exceeds $75,000. *Id.*

The Plaintiff now moves the Court for an order remanding the case to state court. Dkt. 10. He contends that removal was untimely and that the Defendant failed to carry its burden to demonstrate that the amount in controversy exceeds $75,000. *Id.* The Plaintiff moves for attorneys' fees as a result of having to file the motion. *Id.* The Defendant opposes the motion. Dkt. 16. The Plaintiff has filed a reply (Dkt. 21) and the motion is ripe for review.

Also pending in this case is the Defendant's motion to dismiss which is noted for consideration on September 15, 2023. Dkts. 12 and 22. The Defendant contends that the case must be dismissed because the Plaintiff has improperly named "The Standard Fire Insurance Company, doing business as Travelers Insurance" when The Standard Fire Insurance Company does not do business as Travelers Insurance. *Id.* The Defendant maintains that the Plaintiff's policy lists "The Standard Fire Insurance Company" as the "insurer" and his automobile insurance card lists "The Standard Fire Insurance Company" as the "insurer." *Id.*

ORDER ON PLAINTIFF'S MOTION TO REMAND - 2

While the Defendant argues that the Court should not decide the motion to remand before the motion to dismiss is decided, it fails to demonstrate why. There is no showing that the caption could not be easily amended, if warranted. This Court's jurisdiction over the case should be determined in the first instance. The Plaintiff's motion for remand and for an award of attorneys' fees should be decided forthwith.

For the reasons provided below, the motion to remand this case should be granted. This Court does not have jurisdiction over the case. The Plaintiff's motion for attorneys' fees and costs should be denied. This case should be remanded to Clark County, Washington Superior Court and all remaining motions should be stricken, to be renoted in state court if appropriate.

## DISCUSSION

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *Negrete v. City of Oakland,* 46 F.4th 811, 816 (9th Cir. 2022). A defendant may remove a civil action brought in state court when the district court has original jurisdiction. 28 U.S.C. § 1441(a). Removal statutes are to be construed narrowly in favor of remand to protect the jurisdiction of state courts. *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 764 (9th Cir. 2022). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

The removal of civil cases from state court to federal court is governed by 28 U.S.C. § 1446, which provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "A defendant's time to remove is triggered by simultaneous service of

the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347 (1999).

### A. REMAND BASED ON TIMELINESS

The Plaintiff moves to remand the case, arguing that removal was not timely. Dkt. 10. He asserts that under Washington law, service on the Defendant was effectuated on May 22, 2023 when he served the Washington State Insurance Commissioner. *Id.* The Defendant contends that it received notice of this lawsuit on June 1, 2023. Dkt. 18 at 1. Accordingly, it maintains, removal on June 29, 2023 was within the 30-day window permitted by § 1446. *Id.*

Resolving this issue turns on when the Defendant is deemed to have been served - the sufficiency of the service of process. "The sufficiency of service of process prior to removal is strictly a state law issue." *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993), *overruled on other grounds* by *Cal. Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Under Washington law:

> Each authorized foreign or alien insurer must appoint the commissioner as its attorney to receive service of, and upon whom must be served, all legal process issued against it in this state upon causes of action arising within this state. Service upon the commissioner as attorney constitutes service upon the insurer. Service of legal process against the insurer can be had only by service upon the commissioner, except actions upon contractor bonds pursuant to RCW 18.27.040, where service may be upon the department of labor and industries.

RCW 48.05.200(1).

Defendant is undisputedly a foreign insurer, so RCW 48.050.200(1) applies. By statute, service of process "must" be on the Commissioner, which in this case, was on May 22, 2023. The 30-day clock ran from May 22, 2023 and thus elapsed prior to removal on June 29, 2023. Defendant's removal was untimely. Remand is warranted.

ORDER ON PLAINTIFF'S MOTION TO REMAND - 4

**B. REMAND BASED ON AMOUNT IN CONTROVERSY**

As stated above, a defendant may remove an action if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The Defendant asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332; the parties do not contest that they are completely diverse. (Defendant is an insurance company organized under Connecticut law, with its principal place of business in Connecticut and the Plaintiff is a Washington citizen. Dkt. 1 at 2.) The Plaintiff argues that remand is also appropriate because the Defendant failed to demonstrate that the amount in controversy is $75,000 (Dkt. 10) - the other requirement for the Court to have original jurisdiction under § 1332 and for removal to be proper.

Where it is unclear from the complaint whether the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)(cleaned up). The amount in controversy may include damages (compensatory, punitive, or otherwise) and statutory attorneys' fees. *Id.* Interest and costs are excluded in the total. 28 U.S.C. §1332(a)( providing that the amount in controversy must "exceed the sum or value of $75,000, exclusive of interest and cost"). In assessing the amount in controversy, allegations in the complaint and in the notice of removal are considered, as well as summary-judgment-type evidence relevant to the amount in controversy. *Chavez* at 416.

The Plaintiff's Complaint indicates that he believes that the Defendant underpaid him $9,201.40. Dkt. 2 at 5. He has asserted claims for breach of contract, breach of the common law duty of good faith, and IFCA and CPA violations. Dkt. 2. He seeks compensatory and

exemplary damages, economic and non-economic damages, attorneys' fees, costs, and prejudgment interest. *Id.* Again, interest and costs are excluded in computing the $75,000 total.

It appears, based on the Complaint, the Plaintiff is asserting $9,201.40 in financial damages. Plaintiff's breach of the common law duty of good faith claim is not limited to economic damages – he is entitled to recover both financial and emotional damages. *Anderson v. State Farm Mut. Ins. Co.*, 101 Wn. App. 323, 333 (2000). (There are no allegations in the Complaint or evidence in the record, however, from which to determine the value, if any of Plaintiff's emotional damages.) Treble damages are available under both IFCA, RCW 48.30.015(2), and the CPA, RCW 19.86.090. Accordingly, the Plaintiff may recover up to $27,604.20 for his IFCA claims and $27,604.20 for his CPA claims. While attorneys' fees are also available under IFCA, RCW 48.30.015(3), and the CPA, RCW 19.86.090, there is no allegation in the Complaint or evidence in the record to support how much, if any, would be awarded. Assuming, without finding that the Plaintiff could recover $9,201.40 for his breach of contract claim, $27,604.20 for his IFCA claim, $27,604.20 for his CPA claim, and that he would not be limited by some theory of double recovery, the amount of damages to which he claims he is entitled is $64,409.80 based in the allegations in the Complaint. The allegations in the Complaint are not sufficient to show that the amount in controversy is over $75,000.

In addition to pointing to the Plaintiff's claims and requested relief as grounds for removal, the Notice of Removal asserts that the Defendant's counsel asked the Plaintiff's counsel if the Plaintiff would stipulate to damages under $75,000 and that the Plaintiff declined to do so. Dkt. 1 at 3. The Plaintiff's failure to stipulate, alone, is insufficient. The Defendant bears the burden to establish that the amount in controversy is over $75,000. *Chavez* at 416. Plaintiff's refusal to disclaim any damages over $75,000 does not satisfy the Defendant's burden. *See*

ORDER ON PLAINTIFF'S MOTION TO REMAND - 6

*Keodalah v. Allstate Ins. Co.,* 2016 WL 4543200, at *3 (W.D. Wash. Mar. 25, 2016).  The Notice of Removal does not aid the Defendant in establishing the amount in controversy.

Further, the Defendant does not offer summary-judgment-type evidence relevant to the amount in controversy.  *Chavez* at 416.

The Defendant has not met its burden of demonstrating that the Plaintiff's damages and attorneys' fees exceed $75,000 as is required to establish diversity jurisdiction.  Remand is proper.

### C. ATTORNEYS' FEES

The Plaintiff moves for an award of attorneys' fees for having to file the motion for remand pursuant to 28 U.S.C. § 1447(c).  Dkt. 10.  Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Absent unusual circumstances, a court may award costs and attorneys' fees under § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018)(*internal citation omitted*).

Although the Defendant was legally incorrect about how to calculate the 30 days for removal, its argument was not specious or unreasonable.  Further, while the showing on the amount in controversy was not sufficient to establish the Court has diversity jurisdiction, it was not unreasonable to assume that the Plaintiff would have at least $11,000 in attorneys' fees and costs in this case.  Accordingly, the claimed damages of at least $64,409.80 plus attorneys fees

and costs of at least $11,000, results in the possible amount in controversy being over $75,000. Removal was not objectively unreasonable. An award of fees and costs is not warranted. The motion for an award of attorneys' fees and costs (Dkt. 10) should be denied.

## ORDER

- The Plaintiff's Motion to Remand Case to State Court (Dkt. 10) **IS**
  - **GRANTED** as to the request for remand to state court;
    - This case **IS REMANDED** to Clark County, Washington Superior Court; and
  - **DENIED** as to Plaintiff's motion for attorneys' fees and costs.
- All remaining motions **ARE STRICKEN**, to be renoted in state court, if appropriate.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 29th day of August, 2023.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO REMAND - 8